Citation Nr: 1702630 
Decision Date: 01/31/17 Archive Date: 02/09/17

DOCKET NO. 09-13 260 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Paul, Minnesota


THE ISSUE

Entitlement to a total disability rating based upon individual unemployability due to service-connected disabilities (TDIU).


REPRESENTATION

Appellant represented by: Jeffrey Bunten, Esq.


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

A-L Evans, Associate Counsel


INTRODUCTION

The Veteran served on active duty from September 1980 to September 1983. 

This matter is before the Board of Veterans' Appeals (Board) on appeal of a July 2008 rating decision of the St. Louis, Missouri, Regional Office (RO) of the Department of Veterans Affairs (VA).

In August 2012, January 2014, November 2014 and June 2015, the Board remanded the case for further development. Stegall v. West, 11 Vet. App. 268, 271 (1998).

In July 2014, the Veteran testified at a hearing before a Veterans Law Judge who is no longer at the Board. A transcript of that hearing is of record. In a letter dated on October 20, 2015, the Veteran and his representative were notified of his right to another Board hearing. The October 2015 letter noted that, if no clarification was received within 30 days, then the Board would assume that the Veteran did not want another hearing and proceed accordingly. On December 2, 2015, more than 30 days after the letter was sent to the Veteran, the Board received correspondence from the Veteran. 

Subsequently, in its December 2015 decision, the Board, in part, denied the issue on the title page. Subsequently, the Veteran appealed the Board's decision to the United States Court of Appeals for Veterans Claims (Court). The Court granted an October 2016 Joint Motion for Remand (JMR), vacating, in part, the December 2015 Board decision. The Court remanded the TDIU claim for compliance with the terms of the JMR.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.




REMAND

The JMR in this case was predicated on an inadequate discussion of whether to refer this case for extraschedular consideration under 38 C.F.R. § 4.16(b), as the combined rating for the Veteran's disabilities (a right orchiectomy with a testicular prosthesis, hepatitis C, cirrhosis of the liver, and a scar of the lower right quadrant) is 30 percent. The Veteran has not been examined in conjunction with this claim since January 2012, and the Board finds that a remand to ensure updated examination information and further consideration of the applicability of 38 C.F.R. § 4.16(b) is warranted.

Accordingly, the case is REMANDED for the following action:

1. Contact the Veteran and request that he provide either updated treatment records or signed release forms with address information for all recent treatment pertaining to his service-connected right orchiectomy with a testicular prosthesis, hepatitis C, cirrhosis of the liver, and scar of the lower right quadrant.

2. Afford the Veteran a VA medical examination addressing the effects of the Veteran's service-connected disabilities (a right orchiectomy with a testicular prosthesis, hepatitis C, cirrhosis of the liver, and a scar of the lower right quadrant) on his ability to secure and follow a substantially gainful occupation. If the Veteran is found to be employable, or is found to be unemployable but on account of other disabilities or external factors, this determination must be explained in detail. Please consider the Veteran's testimony suggesting that he is unable to maintain even a part-time because of fatigue, from his July 2014 hearing transcript. A review of the claims file is needed in this case, and all opinions must be supported by a VA examination.

3. The AOJ must consider whether referral of this case for extraschedular TDIU consideration under 38 C.F.R. § 4.16(b) is warranted.

4. If the claim remains denied, issue the Veteran and his representative a Supplemental Statement of the Case. This issuance should address the applicability of 38 C.F.R. § 4.16(b). A reasonable period of time must be allowed for a response before this case is returned to the Board.

The appellant has the right to submit additional evidence and argument on this matter. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
A. C. MACKENZIE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).